MEMORANDUM **
Joginder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) dismissal of his appeal from the immigration judge’s (“IJ”) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002), we grant the petition for review and remand.
The IJ’s adverse credibility determination was not supported by substantial evidence. Any inconsistencies regarding Singh’s brothers’ departures from India did not go to the heart of Singh’s claim of persecution and therefore cannot support an adverse credibility finding. See Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir.2003). Additionally, the IJ did not explain how the two years Singh spent in Uttar Pradesh and his subsequent arrest and return to Punjab were significant to his credibility. See Bandari v. INS, 227 F.3d 1160, 1166 (9th Cir.2000) (adverse credibility finding will not be upheld unless IJ or BIA explains significance of discrepancy or points to petitioner’s obvious evasiveness when asked about it). To the extent that the implication was that this course of events was implausible, such reasoning would be speculative and insufficient to support an adverse credibility determination. See Shah v. INS, 220 F.3d 1062, 1071 (9th Cir.2000). By relying on the State Department report to find Singh lacking in credibility, the IJ “failed to make the individualized analysis of an applicant’s credibility that our case law mandates.” See id. at 1069.
Lastly, the IJ was troubled by Singh’s failure to corroborate his claim, commenting on the absence of his travel papers and his father’s medical record, and noting errors in the letter from his doctor and the affidavits from his wife and mother. However, corroborative evidence is not required to establish an applicant’s credibili *152 ty. See Guo v. Ashcroft, 361 F.3d 1194, 1200-1201 (9th Cir.2004).
Accordingly, deeming Singh credible, we grant the petition for review and remand to the agency for a determination of whether Singh is eligible for asylum, withholding of removal, and protection under the Convention Against Torture. See INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW GRANTED and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.